## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **TRAVIS SEIDEL** | : |
| | : |
| **v.** | :     **CIVIL ACTION NO.  14-4220** |
| **TAMMY FERGUSON** | : |
| | : |
| | : |

## ORDER

**AND NOW,** this 14th day of September 2016, upon careful independent consideration of the *pro se* Petition for Writ of Habeas Corpus, and all related filings, and upon review of the Report and Recommendation of the United States Magistrate Judge Thomas J. Rueter, to which no objections have been filed, it is hereby **ORDERED** that:

1.    The Report and Recommendation is **APPROVED** and **ADOPTED**[1];

2.    The Petition for Writ of Habeas Corpus is **DISMISSED WITH PREJUDICE** and without an evidentiary hearing[2];

---

[1] Where, as here, the petition has been referred to a magistrate judge for a report and recommendation ("R&R"), a district court conducts a *de novo* review of "those portions of the report or specified proposed finding or recommendations to which objection is made," and "may accept, reject, or modify, in whole or part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

[2] Petitioner pleaded *nolo contendere* in state court to charges of murder in the third degree and was sentenced to a term of ten to twenty years of imprisonment followed by twenty years of probation. Petitioner did not file a direct appeal but filed a petition pursuant to the Pennsylvania Post Conviction Relief Act ("PCRA"), arguing that his counsel had been ineffective by causing him to enter his guilty plea unknowingly, involuntarily, and unintelligently. Specifically, Petitioner claimed that: (1) his counsel failed to prepare an adequate defense and failed to file any pre-trial motions; (2) his counsel failed to give Petitioner advice as to other, lesser crimes of which he might have been convicted; and (3) the trial court allegedly threatened Petitioner by informing Petitioner that the court would not accept the guilty plea unless Petitioner agreed to the facts and elements of the crime set forth in the plea agreement. The PCRA court dismissed the claim on the merits because the trial court reasonably determined that Petitioner entered his guilty plea knowingly, voluntarily, and intelligently. Further, Petitioner did not set forth any specific deficiencies of his counsel, did not propose how he was prejudiced as a result of his counsel, and misrepresented the trial court's actions during his oral colloquy at the guilty plea hearing as a threat. The Superior Court affirmed the PCRA court's rulings, holding that it would not disturb the determination that Petitioner entered a valid guilty plea, and the Pennsylvania Supreme Court denied the request for review.

    In asserting a claim that counsel was constitutionally ineffective, a petitioner must establish that "counsel's representation fell below an objective standard of reasonableness" and that petitioner was prejudiced as a result.

3.      There is no probable cause to issue a certificate of appealability[3]; and

4.      The Clerk of Court is directed to **CLOSE** the case.

It is so **ORDERED.**

**BY THE COURT:**

**/s/Cynthia M. Rufe**

_____

**CYNTHIA M. RUFE, J.**

---

*Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). When the state court has squarely addressed the issue of counsel's representation, the district court faces a double layer of deference. *Premo v. Moore*, 562 U.S. 115, 123 (2011). "[T]he pivotal question is whether the state court's application of the *Strickland* standard was unreasonable, which is different from asking whether defense counsel's performance fell below *Strickland*'s standard." *Grant v. Lockett*, 709 F.3d 224, 232 (3d Cir. 2013) (citation and internal quotations omitted). Federal habeas courts must "take a highly deferential look at counsel's performance" under *Strickland*, "through the deferential lens of 2254(d)." *Id.* at 232 (internal quotation omitted). In applying this doubly deferential standard, the Court cannot conclude that the state court's application of *Strickland* was unreasonable and agrees with the thorough analysis set forth in the R&R. In particular, Petitioner did not meet his burden by failing to specifically allege his counsel's deficiencies and failing to allege how he was prejudiced.

[3] Petitioner has not made a substantial showing of the denial of a constitutional right; there is no basis for concluding that "reasonable jurists could debate whether…the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal citation omitted).